# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALFRED LESTER DAVIS | § | |
| | § | |
| V. | § | A-18-CA-516-LY |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division, | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's Application for Writ of Habeas Corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

Petitioner was convicted of aggravated robbery and sentenced to 50 years in prison in cause number 8638 out of the 21st Judicial District Court of Bastrop County, Texas. Petitioner does not challenge his holding conviction. Rather, he challenges prison disciplinary case number

20180124294. Petitioner indicates he was charged with fighting without a weapon and found guilty on January 18, 2018.

B. **Petitioner's Grounds for Relief**

Petitioner asserts he was attacked by another inmate. At his disciplinary hearing, Petitioner alleges the charging officer told the hearing officer that Petitioner was only acting in self defense. Nevertheless, the hearing officer found Petitioner guilty and explained Petitioner swung back and did not inform staff. Petitioner asserts he did not have a chance to inform staff before he was forced to defend himself. Petitioner maintains security footage confirms his claims.

C. **Exhaustion of Administrative Remedies**

Petitioner asserts he completed the two-step grievance procedure to appeal his disciplinary case.

## DISCUSSION AND ANALYSIS

A. **Due Process**

As a result of disciplinary case number 20180124294, Petitioner lost 40 days of recreation commissary and phone privileges. However, these punishments do not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

In addition to the above-listed punishments, Petitioner was reduced in line class from S3 to L1. Challenges to changes in time-earning class also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory

2

supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Petitioner also lost 70 days of good time credits. Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768. Petitioner admits he is not eligible for mandatory supervision. Thus, the loss of good time serves only to affect Petitioner's possible release on parole. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits does not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979).

**RECOMMENDATION**

It is recommended that Petitioner's Application for Writ of Habeas Corpus be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 16th day of July, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE